**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| **JESSICA CASEY, on behalf of the RVNB Holdings, Inc. Employee Stock Ownership Plan, and on behalf of a class of all other persons similarly situated,** | |
| **Plaintiff,** | **Case No.** |
| **v.** | |
| **RELIANCE TRUST COMPANY,  a Georgia corporation,** | |
| **Defendant.** | |

## COMPLAINT

Plaintiff Jessica Casey, by her undersigned attorneys, on behalf of the RVNB Holdings, Inc. Employee Stock Ownership Plan and similarly situated participants in the Plan, and their beneficiaries, alleges upon personal knowledge, the investigation of her counsel, and upon information and belief as to all other matters, as to which allegations she believes substantial evidentiary support will exist after a reasonable opportunity for further investigation and discovery, as follows:

## BACKGROUND

1.      Plaintiff Jessica Casey ("Plaintiff") brings this suit against Reliance Trust Company ("RTC"), the trustee for the RVNB Holdings, Inc. Employee Stock Ownership Plan (the "Plan") when the Plan acquired shares of RVNB Holdings, Inc. ("RVNB") in December 2012.

2.      Plaintiff is a participant in the Plan, as defined by ERISA § 3(7), 29 U.S.C. § 1002(7), who was vested in shares of RVNB allocated to her account in the Plan.

3.      This action is brought under Sections 404, 406, 409, and 502(a) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1104, 1106, 1109, and 1132(a), for losses suffered by the Plan and its participants, and other relief, caused by RTC when it authorized the Plan to buy shares of RVNB for more than fair market value in 2012.

4.      As alleged below, the Plan has been injured and its participants have been deprived of hard-earned retirement benefits resulting from RTC's violations of ERISA.

5.      From RVNB's formation and throughout the time that the Plan owned RVNB stock, RVNB was a privately-held company. RVNB was formed in March 2012 to purchase 100% of the stockholders' ownership interests in various All My Sons Moving & Storage locations throughout the United States, in conjunction with establishing the Plan. RVNB adopted the Plan effective October 1, 2012, and was and continues to be the Plan's sponsor. In December 2012, the Plan purchased from party in interest sellers, members of the Peterson family (the "Sellers"), 100% of the outstanding stock of RVNB for $85,000,000, which was financed by RVNB in a fully leveraged transaction with a loan bearing interest at 2.5% that was to mature in December 2052 (the purchase and loan transactions together, the "ESOP Transaction" or "Transaction"). At that time, RVNB became an employee-owned company.

6.      RTC represented the Plan and its participants as Trustee in the ESOP Transaction. It had sole and exclusive authority over whether to go through with the ESOP Transaction.

7.      The ESOP Transaction allowed the Sellers to unload their stock above fair market value and saddle the Plan and its participants with millions of dollars of debt payable to finance the Transaction. And it is a feature of the tax code in this type of transaction that sellers enjoy valuable tax benefits by selling a company to a proposed employee stock ownership plan

("ESOP")—as defined in the Internal Revenue Code § 4975(e)(7), 26 U.S.C. § 4975(e)(7), and ERISA § 407(d)(6), 29 U.S.C. § 1107(d)(6)—rather than to a buyer that is not an ESOP.

8.      The prospect of enduring employee-ownership by Plan participants was not realized, as a few years after the ESOP Transaction, effective on June 29, 2017, RVNB's Board of Directors approved the termination of the Plan. The Plan's RVNB stock was sold to a buyer(s) unknown to Plaintiff, and by August 31, 2017 the Plan's assets were distributed. Soon thereafter, in September 2017, RVNB was sold to Sterling Investment Partners, a private equity firm.

9.      The Plan was not a bona fide program for the exclusive benefit of RVNB employees. Rather, the Transaction fleeced Plan participants who, through their labor and the Plan's loan, paid too much for their employer's stock and within a few years saw their retirement plan taken from them, as well as taxpayers who did not ultimately enjoy an enduring employee-owned company on the American landscape, which they had presumably subsidized under the Internal Revenue Code.

10.      RTC failed to fulfill its duties as Trustee to the Plan and Plan participants, including Plaintiff. Plaintiff brings this action to recover the losses incurred by the Plan, and thus by each individual account in the Plan held by her and similarly situated participants, resulting from RTC's engaging in, and causing the Plan to engage in, prohibited transactions under ERISA, and breaching its fiduciary duties under ERISA.

## JURISDICTION AND VENUE

11.      This action arises under Title I of ERISA, 29 U.S.C. §§ 1001–1191c, and is brought by Plaintiff under ERISA § 502(a), 29 U.S.C. § 1132(a), to require RTC to make good to the Plan losses resulting from its violations of the provisions of Title I of ERISA, to restore to the Plan any profits that have been made by breaching fiduciaries and parties in interest through the use of Plan

assets, and to obtain other appropriate equitable and legal remedies in order to redress violations and enforce the provisions of ERISA.

12.     This Court has subject matter jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

13.     Venue is proper in this District pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the Plan was administered in this District and because some of the events or omissions giving rise to the claims occurred in this District.

14.     From the effective date of the Plan on October 1, 2012 to the present, the address of the Plan Administrator, RVNB Holdings, Inc., was 2400 Old Mill Road, Carrollton, Texas 75007, in Denton County.

## PARTIES

15.     Plaintiff Jessica Casey has been a Plan participant, as defined in ERISA § 3(7), 29 U.S.C. § 1002(7), at all relevant times. Plaintiff resides in Odenton, Maryland. She was employed as a Sales Manager at RVNB. She was vested in the shares of RVNB in her Plan account.

16.     Defendant Reliance Trust Company ("RTC") is a trust company chartered under Georgia law. RTC's headquarters is at 1100 Abernathy Road NE, Suite 400, Atlanta, Georgia 30328.

17.     At the time of the ESOP Transaction, RTC was one of the nation's largest independent trust companies. In July 2014, RTC was acquired by FIS Wealth Management Services, Inc., a subsidiary of FIS. FIS's corporate headquarters is at 601 Riverside Avenue, Jacksonville, Florida 32204.

18.     RTC was the Trustee of the Plan at the time of and for the ESOP Transaction. As Trustee, RTC had exclusive discretion to authorize the ESOP Transaction for the Plan.

19.     When it was Trustee of the Plan, including at the time of the ESOP Transaction, RTC was a fiduciary of the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), because it was the Trustee within the meaning of ERISA § 403(a), 29 U.S.C. § 1103(a), and because it exercised discretionary authority or discretionary control respecting management of the Plan, and/or exercised authority or control respecting management or disposition of the Plan's assets, and/or had discretionary authority or discretionary responsibility in the administration of the Plan.

20.     As Trustee of the Plan, RTC was a fiduciary to the Plan under the terms of the Plan's governing documents.

21.     When it was Trustee of the Plan, including at the time of the ESOP Transaction, RTC was a party in interest to the Plan within the meaning of ERISA § 3(14), 29 U.S.C. § 1002(14).

22.     RTC did not have the discretionary authority to construe and interpret the terms and provisions of the Plan's written document.

## FACTUAL ALLEGATIONS

23.     Based in Carrollton, Texas, RVNB provides moving and storage services with facilities throughout the United States. RVNB operates under the trade name "All My Sons Moving & Storage." Even after RVNB was sold to the Plan in 2012, and in 2017 to Sterling Investment Partners, a private equity firm, the company bills itself as "a family-owned and operated company with an emphasis on old-fashioned ethics like courtesy and respect [which] has been moving families for over four generations now, passing along our unique set of family values and quality care to each and every customer we serve." *See* www.allmysons.com/our_story.aspx

(last visited June 7, 2018). At the beginning of the 2012 plan year, more than 2,000 RVNB employees participated in the Plan.

24.     Robert Peterson, Jr. and his wife Vasilia (a.k.a. "Vauna" and "Vasillia" and "Vasilla") Peterson founded All My Sons Moving & Storage in 1993.

25.     RVNB was formed in 2012 to purchase 100% of the stockholders' ownership interests in various All My Sons Moving & Storage locations throughout the United States, in conjunction with establishing the Plan.

26.     RVNB Holdings, LLC was formed in Delaware on March 20, 2012.

27.     Effectuating a change in business structure, RVNB Holdings, Inc. was incorporated in Delaware on May 2, 2012.

28.     The Plan's Forms 5500, Annual Return/Report of Employee Benefit Plan, report that RVNB was an S corporation at the end of the 2012 Plan year and throughout the time that the Plan owned the company.

29.     On information and belief, as alleged in another lawsuit (*De Weerd v. Peterson, et al.*, Case No. 9:16-cv-02765, at Dkt. No. 11 (D.S.C., Amended Complaint filed Sep. 19, 2016)), at a meeting on May 15, 2012, most of the owner operator shareholders in various All My Sons operating entities were informed by the Petersons and their agents and employees "of a 'restructuring' whereby all of the owner operators would be required to contribute the stock they each owned in exchange for receiving stock in an ESOP and a buyout . . . ."

30.     The redemptions of the shares of the shareholders in various All My Sons operating entities took place in 2012, after RVNB was formed and prior to the ESOP Transaction.

31.     RVNB is a holding company that came to own the stock of the various All My Sons operating entities.

32.     On or about November 30, 2012, previous shareholders of the various All My Sons operating entities were given a disclosure packet regarding the stock redemption and ESOP creation.

33.     Vasilia Peterson was the controlling shareholder in RVNB until December 17, 2012.

34.     At the time of the ESOP Transaction on or about December 17, 2012 and continuing to the present, RVNB's corporate headquarters was and has been at 2400 Old Mill Road, Carrollton, Texas 75007.

35.     From the formation of RVNB in 2012 and throughout the time that the Plan owned RVNB stock, RVNB stock was not readily tradable on an established securities market.

36.     RVNB adopted the Plan with an effective date of October 1, 2012.

37.     The Plan was a pension plan within the meaning of ERISA § 3(2), 29 U.S.C. § 1002(2), subject to ERISA pursuant to ERISA § 4(a)(1), 29 U.S.C. § 1003(a)(1).

38.     RVNB identified the Plan as intended to be a leveraged employee stock ownership plan, or "Leveraged ESOP." The Plan was designed to invest primarily in the employer securities of RVNB.

39.     The Plan's only investment in the period in which it owned RVNB was the common stock of that company.

40.     The Plan was a defined contribution plan and individual account plan under which a separate individual account was established for each participant.

41.     All of the Plan's Forms 5500, Annual Return/Report of Employee Benefit Plan, identify RVNB as the sponsor and administrator of the Plan.

42.     RVNB was the sponsor of the Plan within the meaning of ERISA § 3(16)(B), 29 U.S.C. § 1002(16)(B).

43.     Employees of RVNB participated in the Plan.

44.     RVNB was the Plan's administrator, within the meaning of ERISA § 3(16)(A), 29 U.S.C. § 1002(16)(A).

45.     RVNB was an ERISA fiduciary to the Plan as its administrator.

46.     RVNB was a provider of services to the Plan as its administrator.

47.     The Schedule of Assets (Held at End of Year), at page 14 of Notes to Financial Statements, in the Plan's 2013 Form 5500 Annual Return/Report of Employee Benefit Plan, represents that RVNB is a party in interest.

48.     RVNB was a party in interest to the Plan under ERISA § 3(14), 29 U.S.C. § 1002(14).

49.     The Plan's Forms 5500 Annual Return/Report of Employee Benefit Plan do not report that after the Plan was amended effective January 1, 2016, the IRS ever issued a determination that the Plan was qualified under Internal Revenue Code ("Code") Section 401, 26 U.S.C. § 401, or that the Plan was an employee stock ownership plan ("ESOP") under ERISA § 407(d)(6), 29 U.S.C. § 1107(d)(6), or its parallel provision at Code § 4975(e)(7).

50.     Effective October 1, 2012, the RVNB Holdings, Inc. Stock Ownership Trust (the "Trust") was formed to facilitate the purchase of common stock of RVNB.

51.     In December 2012, the Plan acquired 100% of RVNB's common stock of 520,000 shares for an $85,000,000 note payable to RVNB with an interest rate of 2.5%.

52.     The loan's interest and principal were payable annually and the loan was to mature in December 2052.

53.     RVNB appointed RTC as Trustee of the Plan to represent the Plan in the proposed ESOP Transaction.

54.     Plaintiff further alleges that the following factual allegations in this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. RTC received consideration for its own personal account from RVNB for RTC's services in the ESOP Transaction in the form of fees, under a trustee engagement agreement made between RTC and RVNB prior to the Plan's purchase of RVNB. In the trustee engagement agreement, RVNB agreed to give RTC as Plan Trustee indemnification for RTC's litigation expenses, damages, losses and liabilities in connection with ESOP Transaction. The indemnification agreement is something of value, potentially worth millions of dollars of defense costs and/or liability in ERISA private company ESOP litigation.

55.     As Trustee for the Plan, RTC had sole and exclusive authority to approve the ESOP Transaction on behalf of the Plan, including the price the Plan paid for RVNB stock.

56.     As Trustee for the Plan, it was RTC's duty to ensure that any transactions between the Plan and the Sellers, including acquisitions of RVNB stock by the Plan, were fair and reasonable and to ensure that the Plan paid no more than fair market value.

57.     As Trustee for the Plan, it was RTC's duty to ensure that any transactions between the Plan and RVNB, including loans to the Plan, were fair and reasonable, and primarily for the benefit of participants and beneficiaries in the Plan.

58.     The Notes to Financial Statements to the Plan's 2013 Form 5500 Annual Return/Report of Employee Benefit Plan, at Note I on page 11, report that the Plan's transactions in its investments in RVNB's common stock "qualify as party-in-interest transactions."

59.     Plan management was responsible for the preparation and fair presentation of the Financial Statements in the Plan's 2013 Form 5500.

60.     Vasilia Peterson and Robert Peterson, Jr. were Sellers in the ESOP Transaction.

61.     Before and after the ESOP Transaction, Robert Peterson, Jr. was a Director of RVNB.

62.     Before and after the ESOP Transaction, Robert Peterson, Jr. was an officer of RVNB.

63.     Robert Peterson, Jr. was the Chief Executive Officer (CEO) and President of RVNB.

64.     Vasilia Peterson was the Treasurer of RVNB.

65.     Robert Peterson, Jr. and Vasilia Peterson, at the time of the ESOP Transaction, each were parties in interest to the Plan under ERISA § 3(14), 29 U.S.C. § 1002(14), as directors and/or officers and/or as 10 percent or more shareholders, directly or indirectly, of RVNB, and/or as the owner, direct or indirect, or relative of the owner of 50 percent or more of the combined voting power of all classes of stock entitled to vote or the total value of shares of all classes of stock of RVNB.

66.     Plaintiff further alleges that the following factual allegations in this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. The Plan paid a control premium for RVNB even though the Plan did not obtain control over the RVNB Board of Directors upon its 2012 purchase of the company. Further, the Plan did not receive a discount for lack of control. The Plan therefore overpaid for RVNB.

67.     As Trustee, RTC is subject to liability for a payment by the Plan of more than fair market value for RVNB stock caused by the Plan's payment of a control premium where a previous

owner or owners retained control of RVNB, the Plan's failure to receive a discount for lack of control, and/or other factors in a faulty buyer-side valuation of RVNB in the ESOP Transaction.

68. Employee ownership of RVNB, and the retirement Plan itself, did not last long. After the ESOP Transaction, RVNB was steered to its quick demise as an employee-owned company, as it was sold, and the Plan's termination was approved and its assets distributed, in or about the summer of 2017.

69. Effective June 29, 2017, RVNB's Board of Directors approved the termination of the Plan and all participants' interest in the RVNB stock became immediately 100% vested.

70. The Notes to Financial Statements attached to the Plan's 2016 Form 5500 Annual Return/Report of Employee Benefit Plan states that "all assets were fully distributed by August 31, 2017."

71. Plaintiff does not have knowledge of the identity of the buyer of the shares of RVNB from the Plan, which transaction was, on information and belief, consummated in or about June to August 2017.

72. Subsequently, in September 2017, RVNB was sold to Sterling Investment Partners, a private equity firm headquartered at 285 Riverside Avenue, Suite 300, Westport, Connecticut 06880-4806.

73. Plaintiff further alleges that the following factual allegations in this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. The Plan did not qualify as, and was not at any time, an eligible individual account plan (EIAP) or an ESOP. The Plan, from its inception, was not a bona fide program for the exclusive benefit of employees in general or their beneficiaries. The Plan was not intended to be a permanent program. The Plan was not legitimately qualified under 26 U.S.C. § 401. The ESOP Transaction

allowed the Sellers to overcharge the Plan for the purchase of their RVNB stock and to enjoy certain tax advantages by selling to a purported ESOP rather than to a non-ESOP buyer. The sale of RVNB by the Plan allowed the debt on the ESOP Transaction to be paid earlier than the December 2052 maturity date on the Plan's loan from RVNB. The Transaction loan was not primarily for the benefit of Plan participants and beneficiaries, but for the Sellers.

74.     As of December 31, 2012, the RVNB shares purchased by the Plan in the ESOP Transaction were re-valued at $24,102,000.

75.     That is, an independent appraiser for purposes of a 2012 year-end report—which was filed with regulators on October 3, 2013—later valued the fair market value of the Plan's RVNB stock $60,898,000 lower as of the end of the same month that the Plan purchased it.

76.     This reduction in value amounted to a change of more than 71%.

77.     The independent appraiser's year-end 2012 valuation of RVNB stock far below its purchase price was not an aberration. For example, as of December 31, 2015, the RVNB shares purchased by the Plan in the ESOP Transaction were re-valued only at $33,384,000.

78.     Plaintiff further alleges that the following factual allegations in this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. RTC did not perform due diligence similar to the due diligence that is performed by third-party buyers in large corporate transactions in the course of the ESOP Transaction. The Plan overpaid for RVNB stock on and as of the date of the ESOP Transaction due to RTC's reliance on unrealistic growth projections, unreliable or out-of-date financials, improper discount rates, inappropriate comparable companies, and/or its failure to test assumptions, failure to question or challenge underlying assumptions, and/or other factors that rendered its valuation of RVNB stock in the ESOP Transaction faulty. Due to the Plan's overpayment, the Plan took on excessive debt

to finance the Transaction. Due to the Plan's overpayment, the Plan's participants, including Plaintiff, received diminished stock allocations and suffered losses to their individual Plan accounts.

79.     Incentives to RTC to act in favor of the Sellers in the ESOP Transaction included the possibility of: engagement as an ongoing service provider to the Plan after the ESOP Transaction and any fees paid for that engagement; referrals of business by the companies and persons on the Seller side of the ESOP Transaction; and business from sellers of companies who believed that RTC did not conduct due diligence and valuations as stringently would a private equity buyer but would essentially rubber stamp a stock purchase falling within a price range acceptable to sellers.

80.     RTC is liable to the Plan for the difference between the price paid by the Plan and the actual value of RVNB shares at the time of the ESOP Transaction.

**CLAIMS FOR RELIEF**

**COUNT I**

**Causing and Engaging in Prohibited Transactions Forbidden by
ERISA § 406(a)–(b), 29 U.S.C. § 1106(a)–(b)**

81.     Plaintiff incorporates the preceding paragraphs as though set forth herein.

82.     ERISA § 406(a)(1)(A), 29 U.S.C. § 1106(a)(1)(A), prohibits a plan fiduciary, here RTC, from causing a plan, here the Plan, to engage in a sale or exchange of any property, here RVNB stock, with a party in interest, here the Sellers, as took place in the ESOP Transaction.

83.     ERISA § 406(a)(1)(B), 29 U.S.C. § 1106(a)(1)(B), prohibits RTC from causing the Plan to borrow money from a party in interest, here RVNB, as took place in the ESOP Transaction.

84.     The stock and loan transactions between the Plan and the parties in interest were authorized by RTC in its capacity as Trustee for the Plan.

85.     RTC caused the Plan to engage in prohibited transactions in violation of ERISA §§ 406(a)(1)(A) and 406(a)(1)(B) in the ESOP Transaction.

86.     ERISA § 406(b), 29 U.S.C. § 1106(b), *inter alia*, mandates that a plan fiduciary shall not "act in any transaction involving the plan on behalf of a party (or represent a party) whose interests are adverse to the interests of the plan or the interests of its participants," or "receive any consideration for his own personal account from any party dealing with such plan in connection with a transaction involving the assets of the plan."

87.     RTC acted on behalf of the Sellers in connection with the Plan's stock and loan transactions in the ESOP Transaction by causing the Plan to acquire RVNB stock from the Sellers above fair market value and a loan from RVNB that was used to pay the Sellers. This greatly benefited the Sellers to the substantial detriment of the Plan, even though RTC was required to serve the interests of the Plan in connection with any such transaction.

88.     RTC received from RVNB consideration, fees and an indemnification agreement, as Trustee for the Plan in the ESOP Transaction, in violation of ERISA § 406(b)(3).

89.     RTC caused and engaged in prohibited transactions in violation of ERISA §§ 406(b)(2) and 406(b)(3) in the ESOP Transaction.

90.     ERISA § 409, 29 U.S.C. § 1109, provides, *inter alia*, that any person who is a fiduciary with respect to a plan and who breaches any of the responsibilities, obligations, or duties imposed on fiduciaries by Title I of ERISA shall be personally liable to make good to the plan any losses to the plan resulting from each such breach, and additionally is subject to such other equitable or remedial relief as the court may deem appropriate, including removal of the fiduciary.

91.     ERISA § 502(a), 29 U.S.C. § 1132(a), permits a plan participant to bring a suit for relief under ERISA § 409 and to obtain appropriate equitable relief to enforce the provisions of Title I of ERISA or to enforce the terms of a plan.

92.     RTC has caused losses to the Plan by the prohibited transactions in an amount to be proved specifically at trial.

93.     The losses suffered by the participants in the Plan are coterminous with those of the Plan, and Plaintiff's individual losses are proportional to the losses of fellow participants.

## COUNT II

### Breaches of Fiduciary Duty Under ERISA § 404(a), 29 U.S.C. § 1104(a)

94.     Plaintiff incorporates the preceding paragraphs as though set forth herein.

95.     ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1), requires, *inter alia*, that a plan fiduciary discharge his or her duties with respect to a plan solely in the interest of the participants and beneficiaries, (A) for the exclusive purpose of providing benefits to participants and the beneficiaries of the plan, (B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, and (D) in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with ERISA.

96.     The fiduciary duty of loyalty entails a duty to avoid conflicts of interest and to resolve them promptly when they occur. A fiduciary must always administer a plan with an "eye single" to the interests of the participants and beneficiaries, regardless of the interests of the fiduciaries themselves or the plan sponsor.

97.     ERISA § 409, 29 U.S.C. § 1109, provides, *inter alia*, that any person who is a fiduciary with respect to a plan and who breaches any of the responsibilities, obligations, or duties imposed on fiduciaries by Title I of ERISA shall be personally liable to make good to the plan any losses to the plan resulting from each such breach, and additionally is subject to such other equitable or remedial relief as the court may deem appropriate, including removal of the fiduciary.

98.     ERISA § 502(a), 29 U.S.C. § 1132(a), permits a plan participant to bring a suit for relief under ERISA § 409 and to obtain appropriate equitable relief to enforce the provisions of Title I of ERISA or to enforce the terms of a plan.

99.     RTC was required to undertake an appropriate and independent investigation of the fair market value of RVNB stock in 2012 in order to fulfill its fiduciary duties, and an appropriate investigation would have revealed that the valuation used for the ESOP Transaction did not reflect the fair market value of the RVNB stock purchased by the Plan.

100.     RTC breached its duties under ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1).

101.     RTC has caused losses to the Plan by its breaches of fiduciary duty in an amount to be proved specifically at trial.

## **CLASS ACTION ALLEGATIONS**

102.     Plaintiff brings this action as a class action pursuant to Fed. R. Civ. P. 23(a) and (b), on behalf of the following class:

> All vested participants in the RVNB Holdings, Inc. Employee Stock Ownership Plan ("Plan") and the beneficiaries of such participants. Excluded from the Class are the shareholders who sold their RVNB Holdings, Inc. ("RVNB") stock to the Plan and their immediate families; the directors of RVNB; and legal representatives, successors, and assigns of any such excluded persons.

103.     The Class is so numerous that joinder of all members is impracticable. Although the exact number and identities of Class members are unknown to Plaintiff at this time, the Plan's

Form 5500 filing for 2016 indicates that as of December 31, 2016, there were 1,436 participants and deceased participants whose beneficiaries were receiving or entitled to receive benefits in the Plan.

104.    Questions of law and fact common to the Class as a whole include, but are not limited to, the following:

    i.  Whether RTC served as Trustee in the Plan's acquisition of RVNB stock;

    ii.  Whether RTC was an ERISA fiduciary of the Plan;

    iii.  Whether RTC caused the Plan to engage in prohibited transactions under ERISA by permitting the Plan to purchase RVNB stock and take loans from parties in interest;

    iv.  Whether RTC engaged in good faith valuations of the RVNB stock in connection with the ESOP Transaction;

    v.  Whether RTC caused the Plan to pay more than fair market value for RVNB stock;

    vi.  Whether RTC engaged in a prohibited transaction under ERISA by acting on behalf of a party adverse to the Plan and its participants in the ESOP Transaction;

    vii.  Whether RTC engaged in a prohibited transaction under ERISA by receiving consideration for its own account in the ESOP Transaction;

    viii.  Whether the sellers of RVNB stock to the Plan were parties in interest;

    ix.  Whether RTC breached its fiduciary duty to undertake an appropriate and independent investigation of the fair market value of RVNB stock in 2012;

     x.   The amount of losses suffered by the Plan and its participants as a result of RTC's ERISA violations; and

     xi.   The appropriate relief for RTC's violations of ERISA.

105.    Plaintiff's claims are typical of those of the Class. For example, Plaintiff, like other Plan participants in the Class, suffered a diminution in the value of her Plan account because the Plan paid above fair market value and took on excessive loans for RVNB stock, resulting in her being allocated fewer shares of stock, and she continues to suffer such losses in the present because RTC failed to correct the overpayment by the Plan in its time thereafter as Trustee.

106.    Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has retained counsel competent and experienced in complex class actions, ERISA, and employee benefits litigation.

107.    Class certification of Plaintiff's Claims for Relief for the alleged violations of ERISA is appropriate pursuant to Fed. R. Civ. P. 23(b)(1) because the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for RTC, and/or because adjudications with respect to individual Class members would as a practical matter be dispositive of the interests of non-party Class members.

108.    The names and addresses of the Class members are available from the Plan, the Plan Administrator, the Plan's trustee, or their successors. Notice will be provided to all members of the Class to the extent required by Fed. R. Civ. P. 23.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment against Defendant and for the following relief:

A.     Declare that Defendant RTC caused the Plan to engage in and itself engaged in prohibited transactions and thereby breached its duties under ERISA;

B.     Order that Defendant RTC make good to the Plan and/or to any successor trust(s) the losses resulting from its breaches of ERISA and restore any profits it has made through use of assets of the Plan;

C.     Order that Defendant RTC provide other appropriate equitable relief to the Plan and its participants and beneficiaries, including but not limited to surcharge, providing an accounting for profits, and imposing a constructive trust and/or equitable lien on any funds wrongfully held by Defendant RTC;

D.     Order the proceeds of any recovery for the Plan to be allocated to the accounts of the class members to make them whole for any injury that they suffered as a result of the breaches of ERISA in accordance with the Court's declaration;

E.     Award Plaintiff reasonable attorneys' fees and costs of suit incurred herein pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g), and/or for the benefit obtained for the common fund;

F.     Order Defendant RTC to pay prejudgment interest;

G.     Certify this action as a class action pursuant to Fed. R. Civ. P. 23, certify the named Plaintiff as class representative and her counsel as class counsel; and

H.     Award such other and further relief as the Court deems equitable and just.

Dated:  June 15, 2018                              Respectfully submitted,

                                                   By: /s/ Thomas R. Ajamie
                                                   Thomas R. Ajamie
                                                   Texas Bar No. 00952400
                                                   John S. Edwards, Jr.
                                                   Texas Bar No. 24040851
                                                   **AJAMIE LLP**
                                                   Pennzoil Place - South Tower
                                                   711 Louisiana, Suite 2150
                                                   Houston, Texas 77002
                                                   Tel: (713) 860-1600
                                                   Fax: (713) 860-1699
                                                   E-mail: tajamie@ajamie.com
                                                   E-mail: jedwards@ajamie.com

                                                   Gregory Y. Porter (*pro hac vice* to be filed)
                                                   Ryan T. Jenny  (*pro hac vice* to be filed)
                                                   **BAILEY & GLASSER LLP**
                                                   1054 31st Street, NW, Suite 230
                                                   Washington, DC 20007
                                                   Tel: (202) 463-2101
                                                   Fax: (202) 463-2103
                                                   E-mail: gporter@baileyglasser.com
                                                   E-mail: rjenny@baileyglasser.com

                                                   *Attorneys for Plaintiff*