# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| JESSICA CASEY and JASON COLEMAN, on behalf of the RVNB Holdings, Inc. Employee Stock Ownership Plan, and on behalf of a class of all other persons similarly situated, | § § § § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 4:18-CV-00424 Judge Mazzant/Magistrate Judge Craven |
| v. | § § | |
| RELIANCE TRUST COMPANY, a Georgia corporation, | § § § | |
| Defendant. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. On December 12, 2018, the Magistrate Judge issued a Report and Recommendation, recommending Defendant's Motion to Transfer Venue (Dkt. # 13) be denied. Defendant Reliance Trust Company ("Defendant") filed objections to the Report and Recommendation. Jessica Casey and Jason Coleman, on behalf of the RVNB Holdings, Inc. Employee Stock Ownership Plan, and on behalf of a class of all other persons similarly situated, filed a response to Defendant's objections. The Court conducts a *de novo* review of the Magistrate Judge's findings and conclusions.

## BACKGROUND

This is a putative class action under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). In the First Amended Complaint filed January 7, 2019, Plaintiffs Jessica

Casey and Jason Coleman ("Plaintiffs") bring suit on behalf of the RVNB Holdings, Inc. Employee Stock Ownership Plan ("the Plan"), and similarly situated participants in the Plan, and their beneficiaries, against Defendant, the trustee for the Plan when the Plan acquired shares of RVNB Holdings, Inc. ("RVNB") in December 2012. (Dkt. # 35, ¶ 1). This action is brought under §§ 404, 406, 409, and 502(a) of ERISA, 29 U.S.C. §§ 1104, 1106, 1109, and 1132(a), for losses suffered by the Plan and its participants, and other relief, caused by Defendant when it authorized the Plan to buy shares of RVNB for more than fair market value. *Id.*, ¶ 3.

Plaintiff Casey is a Maryland resident, and Plaintiff Coleman is a Georgia resident. *Id.*, ¶¶ 15-16. Defendant is a trust company chartered under Georgia law with its headquarters in Atlanta, Georgia. *Id.*, ¶ 17. On September 10, 2018, Defendant filed a Motion to Transfer Venue, asserting the Northern District of Georgia is a clearly more convenient forum than the Eastern District of Texas. (Dkt. # 13).

## REPORT AND RECOMMENDATION

On December 12, 2018, the Magistrate Judge entered a Report and Recommendation regarding proposed findings of fact and recommendations that Defendant's motion to transfer venue pursuant to 28 U.S.C. § 1404(a) be denied. (Dkt. # 29). After finding the case could have been brought in the Northern District of Georgia, the Magistrate Judge considered the applicable private and public interest factors. *Id.* at 5. She found two private interest factors (ease of access to sources of proof and practical problems) and three public interest factors (court congestion, familiarity with the governing law, and avoidance of unnecessary problems of conflict of laws) are neutral and do not weigh for or against transfer.

The Magistrate Judge found one private interest factor (availability of compulsory process)

weighed in favor of transfer, noting Defendant identified six non-party witnesses residing within the compulsory subpoena power of the Northern District of Georgia. *Id.* at 10. However, on balance, she found the remaining private interest factor (cost of attendance for the parties and witnesses) weighed against transfer. *Id*. at 12. She also found the remaining public interest factor (local interest in having localized interests decided at home) weighed against transferring this case to Georgia. *Id*. at 15. Balancing the factors, the Magistrate Judge concluded Defendant had not shown that transfer to the Northern District of Georgia is clearly more convenient. *Id*. at 16.

## **OBJECTIONS**

In its objections, Defendant asserts the Magistrate Judge reached an erroneous conclusion on two of the eight factors relevant to the venue transfer analysis – the cost of attendance factor and the localized interest factor. In its first objection, Defendant asserts the Magistrate Judge incorrectly concluded party witnesses with relevant knowledge reside in this district.[1] Specifically, Defendant takes issue with the Magistrate Judge's consideration of RVNB chief financial officer Nick Bouras and chief operating officer Ormando Gomez as party witnesses. (Dkt. No. 32 at 7). According to Defendant, RVNB is not a party to this litigation; nor are any of its current or former officers. Defendant further asserts the cost of attendance factor requires the Court accord greater weight to the convenience of non-party witnesses, the majority of whom either live in Georgia or are closer to that forum. Defendant argues the Northern District of Georgia would be more convenient for them.

---

[1] In her analysis of the costs of attendance for parties and non-party witnesses, the Magistrate Judge noted important party witnesses reside in this district and some non-party witnesses reside in both districts; thus, she was not convinced transfer of this case to Georgia would make this suit more convenient to material witnesses. (Dkt. # 29 at 12).

3

In its second objection, Defendant contends the Magistrate Judge gave "undue weight to the suggestion that this case 'revolves around a plan administered' in this district for a company headquartered in this district." (Dkt. # 32 at 2). Defendant asserts this case is not about plan administration; it is about Defendant's conduct in reviewing and approving the Plan transaction at issue. According to Defendant, nearly all of that conduct occurred at Defendant's headquarters in Atlanta. Defendant also asserts that to the extent the Plan suffered any injury – which Defendant disputes – that injury was suffered throughout the United States; thus, this district does not have a compelling "localized" interest in adjudicating this case.

## *DE NOVO* REVIEW

### *Applicable law*

A district court may transfer any civil case "[f]or the convenience of parties and witnesses, in the interest of justice, . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The party seeking transfer of venue must show good cause for the transfer. *In re Volkswagen of America, Inc.,* 545 F.3d 304, 315 (5th Cir.2008) (en banc) ("*Volkswagen II*"). The moving party must show that transfer is "clearly more convenient." *Id*.

When deciding whether to transfer venue, the Court balances the private interests of the litigants and the public's interest in the fair and efficient administration of justice. *Id.* The private interest factors include (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Id*. The public interest factors include (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the

familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id.* These factors are not exhaustive or exclusive, and no single factor is dispositive. *Id.*

*Discussion*

Defendant first objects to the Magistrate Judge's conclusion that "regarding party witnesses, the Eastern District of Texas is more convenient," arguing for the first time that RVNB officers Nick Bouras and Ormando Gomez are not party witnesses. (Dkt. # 29 at 12). In its motion, Defendant identified only one potential party witness – current employee Josh Marble – who resides in Indianapolis. *Id*. at 11 & n. 4. In the response, Plaintiff focused on potential "sale-side witnesses," arguing Defendant erroneously argued that only its own current and former employees and valuator matter to the analysis. (Dkt. # 14 at 7). Specifically, Plaintiff argued current RVNB employees (including RVNB's chief financial officer), who are likely to reside within the Eastern District of Texas near RVNB's corporate headquarters in Carrollton, Texas, will be key witnesses on the principal issues in this case, including RVNB's fair market value.[2] *Id.* at 11.

Importantly, in its reply, Defendant identified two of the unnamed "sale-side witnesses" referred to in the response as "two senior officers who were involved in the 2012 transaction – CFO Nick Bouras and COO Ormando Gomez." (Dkt. # 16 at 1). During its discussion of the cost of attendance of willing witnesses factor, Defendant argued in its reply it is irrelevant that most of the employees who worked at RVNB's headquarters are located in this district. *Id*. at 2. According to

---

[2] In the response to Defendant's motion to transfer, Plaintiff objected that she had been prejudiced because Defendant filed its motion without serving initial disclosures identifying the various companies and individuals who worked on the buyer and seller sides of the Plan transaction and for RVNB. (Dkt. # 14 at 6).

5

Defendant, "[s]imply because a person worked at the RVNB headquarters does not mean that he or she has any relevant knowledge, and in fact, Plaintiff has not identified any such employees with relevant knowledge. Moreover, this factor in the transfer analysis favors the convenience of ***non-party*** witnesses over party witnesses." *Id.* (emphasis in original). Defendant then stated that "[b]y Plaintiff's own admission, employees at the RVNB headquarters, even if they have relevant knowledge, are members of the putative class and therefore are party witnesses." *Id*. at 2-3.

Defendant cannot now claim the Magistrate Judge erred by considering Bouras and Gomez party witnesses. Even if Bouras and Gomez should be considered non-party witnesses (whose convenience is accorded greater weight as urged by Defendant and recognized by the Magistrate Judge), this would still support the Magistrate Judge's conclusion as to this factor. According to Plaintiffs' response to the objections, while Plaintiff was not able to identify members of the putative class by name prior to the production by the Plan of its participant list, "there are more class members in this District who were employed at RVNB's Carrollton headquarters and will be witnesses, as having worked on the [Plan] Transaction." (Dkt. # 38 at 2-3). According to Plaintiffs, there are other RVNB employee witnesses employed at the Carrollton headquarters who reside in this district and are potential witnesses, outweighing Defendant's potential former employee non-party witnesses in importance and number.[3] *Id*. at 3.

---

[3] Plaintiffs assert Defendant bloated its potential witness list with ten members of the Trust Committee that voted on the Plan transaction. (Dkt. # 38 at 3). According to Plaintiffs, they would provide unnecessary cumulative testimony on the Committee's actions; thus, the Court should reduce the weight given these witnesses.
    Although Plaintiffs support the Report and Recommendation's ultimate conclusion and did not file an objection to the recommendation on the compulsory process factor, Plaintiffs argue in a footnote in their response to Defendant's objections that the Magistrate Judge erred by failing to consider the cumulative nature of the testimony of the ten Committee members. *Id*. at 4 n. 4.

The Magistrate Judge considered Defendant's non-party witnesses residing within the Northern District of Georgia (specifically Defendant's former Senior Vice President Steve Martin and five former Trust committee members), and she also appropriately considered the two non-party witnesses identified by Plaintiff – the sellers in the Plan transaction, Robert and Vasilia Peterson, who reside in this district. (Dkt. # 29 at 12). As noted by the Magistrate Judge, the Petersons were officers and/or directors of RVNB, as well as shareholders, and will be key witnesses in this case. *Id*. A transfer would inconvenience these witnesses.

As the Magistrate Judge correctly observed, "[w]hen inconvenience would exist in either potential venue, merely shifting inconvenience from one party's witnesses to the other is insufficient to affect a transfer of venue analysis." *Id*. at 11 (citing *See In re Google Inc.*, 412 Fed. Appx. 295, 296 (Fed. Cir. 2011)). Considering all of the witnesses identified by the parties, the Court agrees with the Magistrate Judge that this factor weighs against transfer.

Defendant also objects to the Magistrate Judge's analysis of the localized interest factor, stating she gave too much weight to RVNB and its headquarters within this district and she improperly conflated plan administration in this district with an alleged injury in this district. According to Defendant, to the extent Plaintiffs and the putative class members suffered any loss as the result of Defendant's alleged breach, that loss was suffered in all the states where the putative class members reside and not just in the district where the Plan was administered. According to Plaintiffs' response to Defendant's objections, the company that sponsored the Plan was located here; the pertinent documents choose Texas law as the governing law where federal law does not apply; all the company-side interactions with Defendant occurred here; Defendant's representative came to this district for an onsite visit; and Plaintiff is suing on behalf of the Plan under ERISA §

502(a)(2) for relief to the Plan under ERISA § 409. For all these reasons, Plaintiffs assert the Magistrate Judge correctly determined this district has a compelling interest in adjudicating this case.

In the Report and Recommendation, the Magistrate Judge considered Defendant's argument that the Northern District of Georgia, where Defendant is located, has an interest in adjudicating this matter because the claims in this case center on the appropriateness of Reliance's review and approval of the Plan transaction at issue. (Dkt. # 29 at 14). The Magistrate Judge specifically noted Defendant's argument that "the fact that RVNB is based in this district and the ESOP is now administered in this district are **less relevant**" because this case is not about RVNB or about plan administration. *Id.* (quoting Dkt. #13 at 10) (emphasis added). The Magistrate Judge concluded as follows:

> The dispute revolves around a plan administered in the Eastern District of Texas for a company headquartered in the Eastern District of Texas. While Defendant is located in the Northern District of Georgia, this Court has a strong interest in adjudicating whether the Plan, which was allegedly injured in this district, should be compensated for any losses. The Court is not persuaded the Northern District of Georgia has more of a local interest in adjudicating this case. As such, the interests of justice factor weighs against transferring this case to Georgia.

(Dkt. # 29 at 15).

The Court has made a *de novo* review of the objections raised by Defendant and agrees with the Magistrate Judge's conclusion that the localized interest factor weighs against transfer. Plaintiffs allege the Plan, located in this district, engaged in stock and loan transactions with RVNB and selling shareholders, also located in this district. Because Plaintiffs seek losses to a Plan in this district, this Court has a compelling local interest in adjudicating this case.

The Court is of the opinion the findings and conclusions of the Magistrate Judge are correct, and the objections are without merit as to the ultimate findings of the Magistrate Judge. The Court

8

hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court. As held by the Magistrate Judge, Defendant has not shown that transfer to the Northern District of Georgia is clearly more convenient.

Accordingly, it is hereby

**ORDERED** that Defendant Reliance Trust Company's Motion to Transfer Venue (Dkt. # 13) is **DENIED**, and the objections of Defendant are **OVERRULED**.

**SIGNED this 17th day of January, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE