# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| JESSICA CASEY and JASON COLEMAN, on behalf of the RVNB Holdings, Inc. Employee Stock Ownership Plan, and on behalf of a class of all other persons similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>RELIANCE TRUST COMPANY, a Georgia corporation,<br><br>      Defendant. | Case No. 4:18-cv-000424-ALM |

## DECLARATION OF GREGORY Y. PORTER

I, Gregory Y. Porter, declare as follows:

1. I am a member in good standing of the Bar of the Commonwealth of Virginia and the Bar of the District of Columbia. I am admitted to practice before this Court *pro hac vice*, and a partner at Bailey & Glasser, LLP, which is counsel for Plaintiffs in this matter.

2. All the facts stated herein are true and correct within my personal knowledge, and if called as a witness, I could and would testify competently to the facts stated herein.

3. I am more than 18 years of age, am capable of making this declaration, and have personal knowledge of the following.

4. I make this declaration in support of Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement and Certification of Settlement Class.

5. I have been actively involved in this lawsuit from the beginning of the investigation to the present.

6.     Bailey & Glasser attorneys have been actively involved in all stages of this lawsuit, including but not limited to investigating and preparing the Complaint, meeting and conferring with defense counsel regarding discovery and case management, reviewing Defendant's and third-party document productions, preparing to take depositions, and representing Plaintiffs at hearings and case conferences.

7.     I have been working on ERISA class actions since 1998. I have served as lead or co-lead counsel for plaintiffs in many significant ERISA class actions, as described below.

8.     I have direct experience in lawsuits under ERISA challenging Employee Stock Ownership transactions. *See Brundle v. Wilmington Trust Ret. &Int'l Servs. Co.*, 241 F. Supp. 3d 610 (E.D. Va. 2017) ($29.7 million trial judgment), *affirmed*, *Brundle v. Wilmington Trust, N.A.*, 919 F.3d 763 (4th Cir. 2019); *Allen v. GreatBanc Trust Co.*, 835 F.3d 670 (7th Cir. 2016) (reversing trial court ruling on motion to dismiss in an ESOP class action; lawsuit settled for $2.3 million); *Jessop v. Larsen*, No. 14-cv-00916 (D. Utah) ($19.8 million settlement secured for ESOP plan participants in 2017); *Nistra v. Reliance Trust Co.*, No. 16 C 4773 (N.D. Ill.) ($13.6 million class settlement pending final approval).

9.     On February 26, 2020, the Supreme Court issued a unanimous opinion in favor of our client on a key statute of limitations issue under ERISA. *Intel Corp. Inv. Policy Comm. v. Sulyma*, No. 18-1116, . Our firm, along with co-counsel, filed the lawsuit and worked closely with appellate counsel on the Ninth Circuit and Supreme Court briefs and arguments.

10.     I have direct experience in lawsuits under ERISA involving complex financial products and services and fiduciary decision making about investments, including, and directly relevant to this case *Diebold v. Northern Trust*, No. 09-1934 (N.D. Ill.) ($34 million cash settlement in 2015); *Anderson v. Principal Life Ins. Co.*, No. 15-0119 (S.D. Iowa) ($3 million

cash and $8.5 million in prospective relief in 2015); *Glass Dimensions, Inc. v. State Street Bank &Trust Co.*, No. 10-10588 (D. Mass.) ($10 million cash settlement in 2014); *Bilewicz v. FMR LLC*, No. 13-10636 (D. Mass.) ($12 million cash settlement and substantial prospective relief in 2014); *Figas v. Wells Fargo*, No. 08-04546 (D. Minn.) ($17.5 million settlement in 2011). All the cases listed above were about retirement plan fiduciaries making imprudent investment decisions. The *Northern Trust* and *Glass Dimensions* cases involved complex securities lending transactions involving hundreds of retirement plans. In those cases, I was the chief architect of the complaints, led the expert discovery for the plaintiffs, and successfully argued several key motions. The *Principal, Wells Fargo* and *FMR* cases involved allegations that namely that conflicted fiduciaries selected proprietary investment offerings for employee benefit plans to benefit the employer, not the employees. I developed the key concepts, supervised the investigation and preparation of the complaints, directed the experts and consultants, and drafted the key motions filings.

11. I also have represented defendants in complex ERISA cases. I was part of the defense trial team in an ERISA class action against Prudential Life Insurance Company, which resulted in a verdict for the defendants. *See Dupree v. The Prudential Ins. Co. of Am.*, No. 99-8337, 2007 WL2263892 (S.D. Fla. Aug. 7, 2007). In addition, I represented defendants in several of the earliest cases involving imprudent investments in employer stock, including *Koch v. Dwyer*, No. 98-5519 (S.D.N.Y.); *Tittle v. Enron*, No. 01-3913 (S.D. Tex.); and *Rankin v. Rots*, No. 02-CV-71045 (E.D. Mich.).

12. Ryan T. Jenny is a partner at Bailey & Glasser who joined the firm in 2015 after more than fifteen years representing ERISA defendants while at large corporate firms in the District of Columbia and New York. Mr. Jenny represented defendants in many fiduciary duty

actions involving employee benefit plan investment in employer stock, such as *Brundle v. Wilmington Trust Ret. &Int'l Servs. Co.*, 241 F.Supp.3d 610 (E.D. Va. 2017) ($30 million recovered for breach of fiduciary duty); *Nistra v. Reliance Trust Co.*, No. 16 C 4773, 2018 WL 835341 (N.D. Ill. Feb. 13, 2018) (certifying class in Bradford Hammacher ESOP litigation); *Crowley v. Corning, Inc.*, 02- CV-6172 (W.D.N.Y.); *Holtzscher v. Dynegy, Inc.*, No. H-05-3293 (S.D. Tex.); *Crocker v. KV Pharm. Co.*, No. 09-cv-198 (E.D. Mo.); *In re BP p.l.c. ERISA Litig.*, MDL No. 10-md-2185 (S.D. Tex.); and *Knight v. Lavine*, 12- CV-611 (E.D. Va.), as well as in actions involving various other ERISA fee, funding and fiduciary issues, such as *Alexander-Jones v. Wal-Mart Stores, Inc.*, No. C 10-03005 (N.D. Cal.); *In re Honda of Am. Mfg.*, No. 08-cv-1059 (S.D. Ohio); and *Sara Lee Corp. v. American Bakers Ass'n Ret. Plan*, No. 106CV00819 (D.D.C.). Mr. Jenny is a member of the firm's ERISA team and works on all of our ESOP cases.

13. Patrick Muench is a partner with Bailey & Glasser LLP who has worked on complex litigation since 2009. Mr. Muench has served as counsel on ERISA cases involving breach of fiduciary claims, including *Brundle v. Wilmington Trust Ret. &Int'l Servs. Co.*, 241 F. Supp. 3d 610 (E.D. Va. 2017), which recovered $30 million on behalf of the ESOP and *Nistra v. Reliance Trust Co.*, No. 16 C 4773, 2018 WL 835341 (N.D. Ill. Feb. 13, 2018) (certifying class in Bradford Hammacher ESOP litigation). Mr. Muench is a member of the firm's ERISA team and works on all our ESOP cases.

14. Class Counsel believe that the Settlement Agreement between the Parties is fair and reasonable and in the best interests of the Settlement Class. Counsel's reasons for this belief are set forth in the Motion for Preliminary Approval.

15. The Parties engaged in extensive motion practice that included the following: Reliance Trust's Motion to Change Venue, ECF # 13; Reliance Trust's Motion to Compel

Arbitration, ECF # 44; Plaintiffs' Motion for Class Certification, ECF # 50; Motions *in Limine* to Exclude Expert Testimony, ECF ## 116, 119, 120, 121; Defendant's Motion for Partial Summary Judgment, ECF # 140; and Plaintiffs' Motion for Partial Summary Judgment, ECF # 143.

16. Before commencing settlement negotiations, Class Counsel conducted an extensive investigation and the litigation was sufficiently advanced, such that counsel had sufficient information about the nature and extent of the challenged practices, and the merits of the legal claims and factual allegations. Plaintiffs' Counsel conducted extensive discovery regarding the facts and claims in this Action, including culling and reviewing relevant documents from the voluminous document production by Defendant. They prepared for, took, and defended thirteen (13) depositions. Plaintiffs took the depositions of Nick Bouras, Vauna Peterson, Bucky Wright, Matthew Hricko, Steve Martin, Spero Georgedakis, and experts Jeffrey Tarbell and Colin Henderson. Plaintiffs' counsel defended the depositions of Jason Coleman, Jessica Casey, and experts Daniel Van Vleet, Ronald Milewski, and Charles Goldman. All these depositions were attended by Reliance Trust's counsel, who also examined some of those witnesses. Reliance Trust took the depositions of the Named Plaintiffs and other non-party witnesses. Plaintiffs' Counsel has worked with expert consultants, coordinated the preparation of expert reports, analyzed Defendant's expert reports, and prepared for and defended expert depositions. They also prepared pre-trial submissions, motions *in limine*, and were preparing for trial before a settlement in principle was agreed to.

17. The Parties conducted extensive arm's-length negotiations, with the assistance of a highly experienced and well-respected neutral mediator, Robert A. Meyer, Esq. of JAMS. The Parties drafted and submitted comprehensive mediation statements to Mr. Meyer that focused all

sides on the key issues. Counsel for the Parties attended a full day mediation in New York, New York on January 8, 2019. The attendees vigorously engaged in the mediation process, during which all attendees' counsel made presentations to Mr. Meyer. After much deliberation, discussion, and compromise, Mr. Meyer made a mediator's proposal in the amount of $6.25 million, which the Parties accepted. Parties were ultimately able to reach the proposed settlement currently before the Court for preliminary approval.

18.	The following Exhibits are attached: Exhibit A is the Proposed Settlement Agreement, and exhibits thereto ((1) proposed Class Notice; (2) proposed Preliminary Approval Order; (3) proposed Final Approval Order; and (4) proposed Plan of Allocation); Exhibit B is the Plan's Form 5500 for 2017.

I declare, pursuant to 28 U.S.C. § 1746 and under penalty of perjury, that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed at Washington, D.C. this 13th day of March 2020.

> */s/ Gregory Y. Porter*
> Gregory Y. Porter