IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JESSICA CASEY and JASON COLEMAN, on behalf of the RVNB Holdings, Inc. Employee Stock Ownership Plan, and on behalf of a class of all other persons similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>RELIANCE TRUST COMPANY, a Georgia corporation,<br><br>    Defendant. | Civil Action<br>File No.  4:18-cv-00424-ALM-CMC |

**ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND PROPOSED NOTICE OF SETTLEMENT**

Plaintiffs Jessica Casey and Jason Coleman ("Plaintiffs" or "Class Representatives") have moved, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Action, in accordance with the Class Action Settlement Agreement dated March 13, 2020  (the "Settlement Agreement"), which, together with the exhibits thereto, sets forth the terms and conditions for a proposed settlement of this action. The Court having read and considered the Settlement Agreement and the exhibits thereto,

IT IS HEREBY ORDERED that:

    1.    **Settlement.**  Plaintiffs, on behalf of themselves and all members of the Class, and Defendant Reliance Trust Company, ("Reliance Trust") have negotiated a potential settlement to this action to avoid the expense, uncertainties, and burden of protracted litigation, and to resolve

the Released Claims (as defined in the Settlement Agreement) against Reliance Trust and the other Releasees (as defined in the Settlement Agreement).

2. **Definitions.** This Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Settlement Agreement.

3. **Jurisdiction.** This Court has jurisdiction over the subject matter of this action and over all parties to this action, including all Class Members, and venue in this Court is proper.

4. **Preliminary Approval.** The Court hereby preliminarily approves the Settlement Agreement as fair, reasonable, and adequate, subject to further consideration at the Fairness Hearing described below. The Court finds on a preliminary basis that the Settlement Agreement falls within the range of reasonableness and was the product of informed, good-faith, arm's-length negotiations between the Parties and their counsel, and therefore meets the requirements for preliminary approval.

5. **Settlement Class.** The Court conditionally certifies, for settlement purposes only (and for no other purpose and with no other effect upon this action, including no effect upon this action should the Final Order not be entered or should the Effective Date not occur), a class defined as:

> All persons who were participants in RVNB Holdings, Inc. Employee Stock Ownership Plan at any time and who vested in RVNB Holdings, Inc. stock. Excluded from the Settlement Class are Robert Peterson, Jr., Vasilia Peterson, Paul Generale, Mike Paxton, and Nick Bouras.

6. The Court finds, for settlement purposes only, that class certification under Fed. R. Civ. P. 23(b)(1) is appropriate in that, in the settlement context: (a) the Members of the Class are so numerous that joinder of all Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Class

Representatives are typical of the claims of the Settlement Class; (d) the Class Representatives and their counsel will fairly and adequately represent and protect the interests of the Class Members; (e) the Settlement Class is ascertainable; (f) prosecuting separate actions would create a risk of inconsistent adjudications that would establish incompatible standard of conduct; and (g) any individual adjudication by a class member disposes of the interest of absent class members.

7. **Designation of Class Representatives and Class Counsel.**  The Court appoints the Plaintiffs Jessica Casey and Jason Coleman as Class Representatives, and the law firms of Bailey & Glasser LLP, and Ajamie LLP as Class Counsel for the Settlement Class.

8. **Appointment of Independent Fiduciary.** The Court appoints Fiduciary Counselors, Inc.  as the Independent Fiduciary on behalf of the Plan.

9. **Final Approval Hearing.**  A hearing (the "Fairness Hearing") shall be held before this Court, on **Thursday, August 6, 2020, at 11:30 a.m**., at the United States District Court for the for the Eastern District of Texas, Sherman Division, Paul Brown United States Courthouse, 101 East Pecan Street, Sherman, TX, Courtroom, to determine, among other things: (i) whether the proposed Settlement of this action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; (ii) whether a Final Order as provided in Paragraph 1.14 of the Settlement Agreement should be entered; (iii) whether Class Members should be bound by the Releases set forth in Section 3 of the Settlement Agreement; and (iv) any amount of fees and expenses that should be awarded to Class Counsel and any Case Contribution Awards to the Class Representatives for their representation of the Settlement Class.  The Parties shall include the date of the Fairness Hearing in the Class Notice to be mailed to the Settlement Class.

10. **Class Notice.** The Court approves the form, substance and requirements of the proposed Class Notice, attached to the Settlement Agreement as Exhibit 1. The Court further finds that the form, content and mailing or emailing of the Class Notice meet the requirements of Rule 23 and due process. The Court further finds that this is the best notice practicable under the circumstances and is reasonably calculated, under all the circumstances, to apprise potential Class Members of the pendency of this action, and to apprise Class Members of their right to object to the proposed Settlement and their right to appear at the Fairness Hearing. The Court further finds that the Class Notice constitutes valid, due and sufficient notice to all persons entitled to notice.

11. **Settlement Administrator**. The Court appoints KCC, LLC ("Settlement Administrator") to supervise and administer the notice procedure as more fully set forth below:

   a. At least ninety (90) days before the Fairness Hearing (the "Notice Date"), Plaintiffs shall cause the Class Notice to be disseminated to the Class Members and shall post the Class Notice, and the operative Complaint and Answer in this action, as well as contact information for the Settlement Administrator and Class Counsel, on a website for the Settlement Class;

   b. The Class Notice shall be substantially in the form of Exhibit 1 to the Settlement Agreement (though the Settlement Administrator shall have discretion to format the Class Notice in a reasonable manner to minimize mailing or administration costs), by first class U.S. mail to the last known address of each Settlement Class Member;

   c. Following the issuance of the Class Notice, the Settlement Administrator shall provide counsel with written confirmation of the mailing; and

    d. The Settlement Administrator shall otherwise carry out its duties as set forth in the Settlement Agreement.

**12.    Objections.** Any Class Member may object to the proposed Settlement, or any aspect of it including attorneys' fees and expenses, and Case Contribution Awards, by filing a written objection with the Clerk, U.S. District Court for the Eastern District of Texas, Paul Brown United States Courthouse, 101 East Pecan Street, Room 216, Sherman, TX 75090, on or before thirty (30) calendar days before the Fairness Hearing. A copy of the objection must also be mailed to Class Counsel and Defense Counsel, so that it is received on or before twenty-one (21) calendar days before the Fairness Hearing.  To be valid, an objection must set forth, in clear and concise terms: (a) the case name and number (*Casey, et al. v. Reliance Trust Company,* Case 4:18-cv-00424-ALM-CMC); (b) the name, address, and telephone number of the person objecting and, if represented by counsel, of his or her counsel; (c) the complete basis for objection; (d) a statement of whether the objector intends to appear at the Fairness Hearing, either with or without counsel; (e) a statement of whether the objection applies only to the objector, to a specific subset of the class, or to the entire class, and (f) contain copies of all supporting documents. Any Class Member who does not make his or her objection in the manner provided shall be deemed to have waived such objection, shall not be permitted to object to any terms or approval of the Settlement at the Fairness Hearing, and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Settlement Agreement, and to the award of attorneys' fees and expenses to Class Counsel and the payment of Case Contribution Awards to the Class Representatives for their representation of the Class, unless otherwise ordered by the Court.

13. **Appearance of Objectors at Fairness Hearing**. Any Class Member who files and serves a written objection in accordance with Paragraph 12 of this Order may appear, in person or by counsel, at the Fairness Hearing, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, but only if the objector: (a) files with the Clerk of the Court a notice of intention to appear at the Fairness Hearing by the objection deadline ("Notice of Intention to Appear"); and (b) serves the Notice of Intention to Appear on Class Counsel and Defense Counsel by the objection deadline.

The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objector will present to the District Court in connection with the Fairness Hearing.  Any Class Member who does not file a Notice of Intention to Appear in accordance with the deadlines and other specifications set forth in the Settlement Agreement and Class Notice shall be deemed to have waived his or her right to appear.

14. **Service of Motion for Final Approval.**  The motion in support of final approval of the Settlement shall be filed and served no later than fifteen (15) calendar days prior to the Fairness Hearing.

15. **Fees, Expenses, and Awards.**  Class Counsel's application for attorneys' fees and expenses and Class Representative Case Contribution Awards shall be filed and served no later than forty-five days prior to the Fairness Hearing.  Neither Reliance Trust nor the Released Parties shall have any responsibility for any application for attorneys' fees and expenses or Case Contribution Award request submitted by Class Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.  At or after the Fairness Hearing, the Court shall determine whether any application for attorneys' fees and expenses, and any Case Contribution Award to the Class Representatives for their representation

of the Settlement Class, should be approved.  Plaintiffs motion for attorneys' fees and expenses and for case contribution awards shall be filed no later than forty-five days prior to the Fairness Hearing.

16. **Releases.**  If the Settlement is finally approved, the Plaintiffs and the Settlement Class shall release the Releasees from all Released Claims, shall be prohibited from bringing or pursuing other actions based on such claims, and will be bound by the Final Approval Order.

17. **Use of Order.**  Neither this Order, the fact that a settlement was reached and filed, the Settlement Agreement, nor any related negotiations, statements, or proceedings shall be construed as, offered as, admitted as, received as, used as, or deemed to be an admission or concession of liability or wrongdoing whatsoever or breach of any duty on the part of Reliance Trust. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in this action. In no event shall this Order, the fact that a settlement was reached, the Settlement Agreement, or any of its provisions or any negotiations, statements, or proceedings relating to it in any way be used, offered, admitted, or referred to in this action, in any other action, or in any judicial, administrative, regulatory, arbitration, or other proceeding, by any person or entity, except by the Parties and only the Parties in a proceeding to enforce the Settlement Agreement.

18. **Continuance of Fairness Hearing.** The Court reserves the right to continue the date of the Fairness Hearing without further notice to the Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Settlement Class.

**19.** **Stay of Proceedings.** All proceedings in this action are stayed until further Order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Settlement Agreement.

**20.** **No Merits Determination.** By entering this Order, the Court does not make any determination as to the merits of this case.

**21.** **Jurisdiction.** This Court retains jurisdiction over this action to consider all further matters arising out of or connected with the Settlement Agreement and the Settlement.

**IT IS SO ORDERED.**

SIGNED this 1st day of May, 2020.

_____
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE