## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

**JESSICA CASEY and JASON COLEMAN,**
**on behalf of the RVNB Holdings, Inc.**
**Employee Stock Ownership Plan, and on**
**behalf of a class of all other persons**
**similarly situated,**

        **Plaintiffs,**

**v.**

**RELIANCE TRUST COMPANY, a Georgia**
**corporation,**

        **Defendant.**

**Case No. 4:18-cv-000424-ALM-CMC**

## FINAL ORDER OF JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

Plaintiffs Jessica Casey and Jason Coleman ("Plaintiffs" or "Class Representatives") have

submitted a Motion for Final Approval of the Settlement set forth in the Class Action Settlement

Agreement dated March 13, 2020 (the "Settlement Agreement").  Class Counsel has also

submitted to the Court their Motion For An Order Awarding Attorneys' Fees and Costs And

Expenses To Class Counsel, and Case Contribution Awards to Class Representatives.

On April 22, 2020, the Court granted preliminary approval to the proposed class action

settlement set forth in the Settlement Agreement (Dkt. #157). On April 30, 2020, the Parties

filed a Joint Motion to Amend the Order (Dkt. #158). On May 1, 2020, the Court granted the

Joint Motion and issued an Amended Order granting preliminary approval, to be effective April

22, 2020 (Dkt. #159). On June 5, 2020, Class Member Nick Bouras filed an Unopposed Motion

to again amend the Order (Dkt. #161). That motion was granted on June 9, 2020 (Dkt. #162),

amending the class definition in the preliminary approval order to include Mr. Bouras as a

Settlement Class Member.

This Court also certified a Settlement Class for settlement purposes, approved the procedure for giving Class Notice to the members of the Settlement Class, and set a Final Approval Hearing to take place on August 6, 2020.  The Court finds that due and adequate notice was given to the Settlement Class as required in the Court's Order.

The Court has reviewed the papers filed in support of the motion for Final Approval, including the Settlement Agreement and exhibits thereto, memoranda and arguments submitted on behalf of the Settlement Class, and supporting affidavits.

On August 6, 2020, the Court held a duly noticed Final Approval Hearing to consider: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable and adequate; (2) whether a judgment should be entered dismissing the Settlement Class Members' Released Claims on the merits and with prejudice; and (3) whether and in what amount to award attorneys' fees and expenses to Class Counsel; and (4) any award to the Class Representatives for their representation of the Class.

Based on the papers filed with the Court and the presentations made to the Court by the Parties and by other interested persons at the Final Approval Hearing, it appears to the Court that the Settlement Agreement is fair, adequate, and reasonable, and in the best interests of the Settlement Class.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.     **Definitions.**  This Judgment incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Settlement Agreement.

2.     **Jurisdiction.**  This Court has jurisdiction over the subject matter of the Lawsuit

and over all parties to the Lawsuit, including all Settlement Class Members, and venue in this

Court is proper.

       3.      **No Merits Determination.**  By entering this Order, the Court does not make any

determination as to the merits of this case.

       4.      **Settlement Class.**  Pursuant to Rule 23 of the Federal Rules of Civil Procedure,

this Court hereby finally certifies this Lawsuit as a class action, with the Class defined as:

> All persons who were participants in RVNB Holdings, Inc. Employee Stock
> Ownership Plan at any time and who vested in RVNB Holdings, Inc. stock.
> Excluded from the Settlement Class are Robert Peterson, Jr., Vasilia Peterson,
> Paul Generale, and Mike Paxton.

       5.      The Court finds, for settlement purposes only, that class certification under Fed.

R. Civ. P. 23(b)(1) is appropriate in that, in the settlement context: (a) the Members of the

Settlement Class are so numerous that joinder of all Settlement Class Members in the class

action is impracticable; (b) there are questions of law and fact common to the Settlement Class

which predominate over any individual question; (c) the claims of the Class Representatives are

typical of the claims of the Settlement Class; (d) the Class Representatives and their counsel will

fairly and adequately represent and protect the interests of the Settlement Class; (e) the

Settlement Class is ascertainable; (f) prosecuting separate actions would create a risk of

inconsistent adjudications that would establish incompatible standards of conduct for the party

opposing the class; and (g) individual adjudication by a class member disposes of, or

substantially affects, the interests of absent class members.

       6.      **Designation of Class Representatives and Class Counsel.**  The Court confirms

the prior appointments of the Plaintiffs Jessica Casey and Jason Coleman as Class

Representatives, and the law firms of Bailey & Glasser LLP, and Ajamie LLP as Class Counsel.

7.      **Settlement Approval.**  Pursuant to Rule 23(e), the Court hereby approves the Settlement and finds that it is, in all respects, fair, reasonable and adequate to the Parties. The Court further finds that the Settlement is the result of good faith arm's-length negotiations between experienced counsel representing the interests of the Parties.  Accordingly, the Settlement is hereby finally approved in all respects, there is no just reason for delay, and the Parties are hereby directed to perform its terms.

8.      **Dismissal with Prejudice.**  Final Judgment is hereby entered with respect to the Released Claims of all Settlement Class Members, and the Released Claims are hereby dismissed in their entirety with prejudice and without costs, and the case shall be closed pursuant to Paragraph 20 of this Order.

9.      **Releases.**  The releases as set forth in Section 3 of the Settlement Agreement together with the definitions in paragraphs 1.31 and 1.32 relating thereto are expressly incorporated herein in all respects and made effective by operation of this Judgment. The Court hereby approves the release provisions as contained and incorporated in Section 3 of the Settlement Agreement, including but not limited to the definitions of Released Claims and Released Parties.  The Settlement Class Members and the Plan shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged all Released Claims against the Released Parties.

10.     **Bar Order.**  Plaintiffs and all members of the Settlement Class are hereby barred and enjoined from filing any claim or action against any Releasee based on a Released Claim. The foregoing provision shall be a complete defense to any such lawsuit or claims against any of the Releasees.

11.     **Approval of Class Notice.**  The form and means of disseminating the Class Notice as provided for in the Order Preliminarily Approving Settlement and Providing for Notice constituted the best notice practicable under the circumstances, including individual notice to all Settlement Class Members who could be identified through reasonable effort. Said Notice fully satisfied the requirements of Rule 23 and complied with all laws, including, but not limited to, the Due Process Clause of the United States Constitution.

12.     **Attorneys' Fees and Expenses.**  Plaintiffs and Class Counsel have moved for an award of attorneys' fees in the amount of $2,083,333, and costs and expenses of $559,561. The Court has considered this application separately from this Judgment. The Court finds that an award of $$2,083,333 in  attorneys' fees and $559,561 in costs and expenses is fair and reasonable, and the Court approves of Class Counsel attorneys' fees, costs and expenses in these amounts to be paid from the Settlement Amount.

13.     The Court further finds that Case Contribution Awards for Ms. Casey in the amount of $25,000, and Mr. Coleman in the amount of $25,000, are fair and reasonable, and the Court approves of the Case Contribution Awards in this amount. The Court directs the Settlement Administrator to disburse these amounts to Ms. Casey and Mr. Coleman from the Settlement Amount as provided in the Settlement Agreement.

14.     **Use of Order.**  Neither this Order, the fact that a settlement was reached and filed, the Settlement Agreement, nor any related negotiations, statements or proceedings shall be construed as, offered as, admitted as, received as, used as, or deemed to be an admission or concession of liability or wrongdoing whatsoever or breach of any duty on the part of Reliance Trust. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Lawsuit.  In no event shall this Order, the fact that a settlement was reached, the Settlement Agreement, or any of its provisions or any negotiations, statements, or

proceedings relating to it in any way be used, offered, admitted, or referred to in the Lawsuit, in any other action, or in any judicial, administrative, regulatory, arbitration, or other proceeding, by any person or entity, except by the Parties and only the Parties in a proceeding to enforce the Settlement Agreement.

15. **Continuing Jurisdiction.**  Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over the administration, consummation, enforcement, and interpretation of the Settlement Agreement, the Final Judgment, and for any other necessary purpose, including to ensure compliance with the Protective Order.

16. **Termination of Settlement.**  This Settlement Agreement may be terminated by either Party if (i) the Court declines to approve the Settlement by entering the Final Order, (ii) the Court enters on order modifying the economic terms of the Settlement Agreement or materially modifying any term of the Final Order or (iii) the Final Order entered by the Court is reversed or modified in any material respect by any Appeal Proceeding, provided that the terminating party, within twenty (20) calendar days from the date of such event, furnishes written notice to Plaintiffs' Counsel or Defendant's Counsel, as the case may be, of the termination of this Settlement, specifying the terms modified or not approved that give rise to the right to terminate.

If the Settlement Agreement is terminated, the following shall occur: (i) Plaintiffs' Counsel or Defendant's Counsel shall promptly after the date of termination of the Settlement Agreement notify the Court and return any Settlement Amount to the Defendant, except for amounts disbursed or incurred pursuant to Section 8.1 of the Settlement Agreement; (ii) the Lawsuit shall for all purposes revert to its status as of the day immediately before the date of execution of the Settlement Agreement, (iii) the Parties shall request a scheduling conference with the Court; and (iv) the Settlement shall be deemed void and of no further force and effect

17. **Implementation of the Agreement.**  The Parties are hereby authorized to implement the terms of the Agreement.

18.    **Reasonable Extensions.**  Without further order of this Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Agreement.

19.    **CAFA Notice.**  Reliance Trust has provided notification to all appropriate federal and state officials regarding the Settlement as required by 28 U.S.C. § 1715.

20.    **Entry of Final Judgment.**  There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is hereby directed.

21.    **Action Closed.**  The Clerk of the Court is hereby directed to close the Action.

**IT IS SO ORDERED.**

 **SIGNED this 6th day of August, 2020.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE